KAREN P. HEWITT
United States Attorney
CHRISTINA M. McCALL
Assistant United States Attorney
California Bar Number 234139
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-6760
Facsimile: (619) 235-2757

Attorneys for Plaintiff
United States of America

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JUAN BARRERA-BARRERA,<br><br>Defendant. | Criminal Case No. 08CR0014-WQH<br><br>**UNITED STATES' MOTION FOR FOR RECIPROCAL DISCOVERY AND MOTION TO COMPEL FINGERPRINT EXEMPLARS.**<br><br>Date: April 1, 2008<br>Time: 2:00 p.m.<br>Honorable: William Q. Hayes |

Plaintiff, United States of America, by and through its counsel, Karen P. Hewitt, United States Attorney, and Christina M. McCall, Assistant United States Attorney and hereby files its Motion for Reciprocal Discovery and Motion to Compel Fingerprint Exemplars. This motion is based upon the files and records of the case together with the attached statement of facts and memorandum of points and authorities.

///

///

# I

# STATEMENT OF FACTS

## A. Defendant's Criminal and Immigration Record

Defendant, Juan Barrera-Barrera, is a 59-year-old citizen of Mexico. In 1976, Lancaster County Pennsylvania filed a criminal complaint against Defendant, who was using the name of Crescencio Barrera at that time. The complaint alleged that Defendant murdered another person with malice aforethought, by stabbing the victim in a knife. On September 21, 1976, Defendant pleaded guilty to murder, and the court found him guilty of voluntary manslaughter. Defendant was sentenced to a state prison term of five to ten years. Defendant was released after serving five years at the Huntingdon correctional facility.

Defendant's birth certificate indicates he was born on July 23, 1948 in the state of Guerrero, Mexico. The birth certificate indicates that both of Defendant's parents were Mexican citizens. After Defendant served his sentence for voluntary manslaughter, he claims that he re-entered the United States without a visa through the San Ysidro port of entry on December 21, 1984.

In May of 1988, Defendant applied for temporary resident status as a special agricultural worker. Defendant's application relied exclusively on an affidavit purportedly from Roy Perez, fraudulent labor contractor, to corroborate his alleged experience harvesting grapes for 102 days in the summer of 1985 in Bakersfield. Subsequent investigation by the Department of Justice revealed that Roy Perez was listed as the employer/affiant for 2,506 separate applicants for temporary resident status. The investigation also demonstrated that Roy Perez did not work as a labor contractor in Bakersfield, as the 2,506 applications stated. Roy Perez was convicted of providing false statements to the government. As part of Roy Perez's investigation, Perez indicated that he never signed affidavits indicating that thousands of people had worked for him in Bakersfield picking grapes in the summer of 1985. The Immigration and Naturalization Service denied Defendant's application, noting that his only evidence of his status as a special agricultural worker was the fraudulent Roy Perez affidavit. Defendant appealed the denial of his application for status as a temporary resident. In 1999, the Immigration and Naturalization Service's Office of Administrative Appeals dismissed Defendant's appeal of his amnesty decision.

In 2002, Defendant filed for asylum. However, his application was filed eighteen years after he entered the United States, and eight years after Defendant claimed he last entered the United States. The asylum officer denied the application, because economic hardship is not a valid ground for asylum, and because there was no valid reason to account for the delay in filing the asylum application. Following the denial of the asylum application, the INS issued a Notice to Appear before an immigration judge, alleging that Defendant was an alien illegally present in the United States.

Immigration Judge Ho entered an order of removal on September 12, 2005, determining that Defendant was ineligible for voluntary departure. On November 13, 2007, the Board of Immigration Appeals dismissed Defendant's appeal of his removal order. On December 7, 2007, Defendant reported to immigration officials and was removed by commercial airline on December 10, 2007.

## B. Defendant's Apprehension

Merely six days after his removal to Mexico, Defendant was apprehended near Calexico, after illegally re-entering the United States. A remote video surveillance camera showed a group of individuals crossing the All American Canal twelve miles east of the Calexico Port of Entry.

Agent Camarena responded to the area and searched for the group. On the north side of the canal, Agent Camarena discovered a group of people waiting near some high brush. Agent Camarena identified himself as a Border Patrol agent and asked each individual their citizenship status and whether each person had documents to enter the United States. Each person, including Defendant, indicated he or she was a Mexican citizen with no documents to legally enter this country. All of the aliens were transported to the Calexico Border Patrol station for processing.

After discovering Defendant's criminal and immigration history, the agents informed Defendant that he was going to be prosecuted criminally, and that his administrative rights no longer applied. The agents read the Miranda warnings to Defendant, who elected to answer questions. The interview was recorded on videotape. During the interview, Defendant admitted that he was a Mexican citizen who did not have the proper documentation to legally work or reside in the United States. Defendant admitted that he was deported from the United States previously, but claimed the Secretary of Homeland Security gave him permission to enter the United States. A check of immigration databases revealed that no such permission was given to Defendant.

On January 2, 2008, a federal grand jury for the Southern District of California returned a one-count Indictment against Defendant, charging him with being an alien who was found in the United States without the consent of the Attorney General or the Secretary of Homeland Security, after having been previously excluded, deported, or removed, in violation of Title 8 U.S.C. § 1326. The Indictment further alleged that Defendant was removed from the United States subsequent to September 17, 1979.

## II
## UNITED STATES' MOTION FOR RECIPROCAL DISCOVERY

Defendant has invoked Fed. R. Crim. P. 16(a) and the United States has voluntarily complied with the requirements of Rule 16(a). Therefore, provision 16(b) of that rule, requiring reciprocal discovery, is applicable. The United States hereby requests Defendant to permit the United States to inspect, copy, and photograph any and all books, papers, documents, photographs, tangible objects, or make copies of portions thereof, which are within the possession, custody or control of Defendant and which he intends to introduce as evidence in his case-in-chief at trial.

The United States further requests that it be permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, which are in the possession or control of Defendant, which he intends to introduce as evidence-in-chief at the trial or which were prepared by a witness whom Defendant intends to call as a witness. The United States also requests that the court make such orders as it deems necessary under Rule 16(d)(1) and (2) to insure that the United States receives the discovery to which it is entitled.

Federal Rule of Criminal Procedure 26.2 requires the production of prior statements of all witnesses, except Defendant. The time frame established by the rule requires the statement to be provided after the witness has testified, as in the Jencks Act. The United States hereby requests that Defendant be ordered to supply all prior statements of defense witnesses by a reasonable date before trial to be set by the court. This order should include any form these statements are memorialized in, including but not limited to, tape recordings, handwritten or typed notes and/or reports.

## IV

## MOTION TO COMPEL FINGERPRINT EXEMPLARS

As part of its case, the United States must prove that Defendant was previously deported from the United States. To prove this element, the United States anticipates calling a certified fingerprint examiner to testify that Defendant is the individual whose fingerprint appears on the warrants of deportation and other deportation documents. A number of chain of custody witnesses could be eliminated, and judicial resources conserved, by permitting the Government's expert to take Defendant's fingerprints himself. The Defendant's fingerprints are not testimonial evidence. See Schmerber v. California, 384 U.S. 757 (1966). Further, using identifying physical characteristics, such as fingerprints, does not violate Defendant's Fifth Amendment rights against self-incrimination. United States v. DePalma, 414 F.2d 394, 397 (9th Cir. 1969); Woods v. United States, 397 F.2d 156 (9th Cir. 1968); see also, United States v. St. Onge, 676 F. Supp. 1041, 1043 (D. Mont. 1987). Accordingly, the Government requests that the Court order that Defendant make himself available for fingerprinting by the Government's fingerprint expert.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that its motion for reciprocal discovery and fingerprint exemplars be granted.

DATED: March 28, 2008

Respectfully Submitted,

KAREN P. HEWITT
United States Attorney

***/s/ Christina M. McCall***

CHRISTINA M. McCALL
Assistant U.S. Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>JUAN BARRERA-BARRERA,<br>Defendant. | Case No. 08CR0014-WQH<br><br>**CERTIFICATE OF SERVICE** |

IT IS HEREBY CERTIFIED that:

I, CHRISTINA M. McCALL, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101.

I am not a party to the above-entitled action. I have caused service of Motion for Reciprocal Discovery and Motion to Compel Fingerprint Exemplars on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Christian de Olivas

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 28, 2008.

/s/ Christina M. McCall

CHRISTINA M. McCALL