KAREN P. HEWITT
United States Attorney
CHRISTINA M. McCALL
Assistant U.S. Attorney
California State Bar No. 234139
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Phone: (619) 557- 6760
Fax: (619) 235-4716

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>JUAN BARRERA-BARRERA,<br>Defendant. | Criminal Case No. 08cr0014-WQH<br>**GOVERNMENT'S TRIAL MEMORANDUM**<br>Date: May 13, 2008<br>Time: 9:00 a.m.<br>Court: Honorable William Q. Hayes |

Plaintiff, UNITED STATES OF AMERICA, by and through its counsel, United States Attorney, Karen P. Hewitt, and Assistant U.S. Attorney Christina McCall, hereby files its Trial Memorandum. This memorandum is based upon the files and records of this case, together with the attached Statement of Facts and Memorandum of Points and Authorities.

/ /

//

//

//

**I**

# I

## STATEMENT OF THE CASE

### A. INDICTMENT

On January 2, 2008, a federal grand jury for the Southern District of California returned a one-count Indictment against Defendant, charging him with being an alien who was found in the United States without the consent of the Attorney General or the Secretary of Homeland Security, after having been previously excluded, deported, or removed, in violation of Title 8 U.S.C. § 1326. The Indictment further alleged that Defendant was removed from the United States subsequent to September 17, 1979.

### B. TRIAL STATUS

Trial is scheduled for Tuesday, May 13, 2008, at 9:00 a.m. before the Honorable William Q. Hayes. The United States anticipates that its case-in-chief will last one day.

### C. STATUS OF COUNSEL

Defendant is represented by Christian DeOlivas, retained counsel.

### D. CUSTODY STATUS

Defendant is in custody.

### E. INTERPRETER

The United States does not need an interpreter for any of its witnesses.

### F. JURY WAIVER

Defendant has not waived trial by jury.

### v. PRETRIAL MOTIONS

The United States filed motions in limine on April 21, 2008. The motions in limine hearing will take place on May 12, 2008 at 2:00 p.m.

### H. STIPULATIONS

The Government does not anticipate any stipulations in this case.

### I. DISCOVERY

The United States is complying with its discovery obligations. Defendant has not provided any reciprocal discovery.

## II

## STATEMENT OF FACTS

### A. Defendant's Criminal and Immigration Record

Defendant, Juan Barrera-Barrera, is a 59-year-old citizen of Mexico. In 1976, Lancaster County Pennsylvania filed a criminal complaint against Defendant, who was using the name of Crescencio Barrera at that time. The complaint alleged that Defendant murdered another person with malice aforethought, by stabbing the victim in a knife. On September 21, 1976, Defendant pleaded guilty to murder, and the court found him guilty of voluntary manslaughter. Defendant was sentenced to a state prison term of five to ten years. Defendant was released after serving five years at the Huntingdon correctional facility.

Defendant's birth certificate indicates he was born on July 23, 1948 in the state of Guerrero, Mexico. The birth certificate indicates that both of Defendant's parents were Mexican citizens. After Defendant served his sentence for voluntary manslaughter, he claims that he re-entered the United States without a visa through the San Ysidro port of entry on December 21, 1984.

In May of 1988, Defendant applied for temporary resident status as a special agricultural worker. Defendant's application relied exclusively on an affidavit purportedly from Roy Perez, fraudulent labor contractor, to corroborate his alleged experience harvesting grapes for 102 days in the summer of 1985 in Bakersfield. Subsequent investigation by the Department of Justice revealed that Roy Perez was listed as the employer/affiant for 2,506 separate applicants for temporary resident status. The investigation also demonstrated that Roy Perez did not work as a labor contractor in Bakersfield, as the 2,506 applications stated. Roy Perez was convicted of providing false statements to the government. As part of Roy Perez's investigation, Perez indicated that he never signed affidavits indicating that thousands of people had worked for him in Bakersfield picking grapes in the summer of 1985. The Immigration and Naturalization Service denied Defendant's application, noting that his only evidence of his status as a special agricultural worker was the fraudulent Roy Perez affidavit. Defendant appealed the denial of his application for status as a temporary resident. In 1999, the Immigration and Naturalization Service's Office of Administrative Appeals dismissed Defendant's appeal of his amnesty decision.

In 2002, Defendant filed for asylum. However, his application was filed eighteen years after he entered the United States, and eight years after Defendant claimed he last entered the United States. The asylum officer denied the application, because economic hardship is not a valid ground for asylum, and because there was no valid reason to account for the delay in filing the asylum application. Following the denial of the asylum application, the INS issued a Notice to Appear before an immigration judge, alleging that Defendant was an alien illegally present in the United States.

Immigration Judge Ho entered an order of removal on September 12, 2005, determining that Defendant was ineligible for voluntary departure. On November 13, 2007, the Board of Immigration Appeals dismissed Defendant's appeal of his removal order. On December 7, 2007, Defendant reported to immigration officials and was removed by commercial airline on December 10, 2007. That flight left Los Angeles International Airport and arrived in Ciudad Juarez.

**B. <u>Defendant's Apprehension</u>**

One week after his removal to Mexico, Defendant was apprehended near Calexico, after illegally re-entering the United States. A remote video surveillance camera showed a group of individuals crossing the All American Canal twelve miles east of the Calexico Port of Entry.

Agent Camarena responded to the area and searched for the group. On the north side of the canal, Agent Camarena discovered a group of people waiting near some high brush. Agent Camarena identified himself as a Border Patrol agent and asked each individual their citizenship status and whether each person had documents to enter the United States. Each person, including Defendant, indicated he or she was a Mexican citizen with no documents to legally enter this country. All of the aliens were transported to the Calexico Border Patrol station for processing.

After discovering Defendant's criminal and immigration history, the agents informed Defendant that he was going to be prosecuted criminally, and that his administrative rights no longer applied. The agents read the <u>Miranda</u> warnings to Defendant, who elected to answer questions. The interview was recorded on videotape. During the interview, Defendant admitted that he was a Mexican citizen who did not have the proper documentation to legally work or reside in the United States. Defendant admitted that he was deported from the United States previously, but claimed the Secretary of Homeland Security gave him permission to enter the United States. A check of immigration databases revealed that

no such permission was given to Defendant.

**III**

**PERTINENT LAW**

**1. 8 U.S.C. § 1326 - DEPORTED ALIEN FOUND IN THE UNITED STATES**

The United States must prove beyond a reasonable doubt that:

1. Defendant is an alien, not a citizen of the United States;
2. Defendant was deported from the United States;
3. After deportation Defendant knowingly and voluntarily entered the United States; and
4. Defendant was found in the United States without the consent of the Attorney General of the United States or the Secretary of the Department of Homeland Security.

Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, §9.5B (2007); United States v. Salazar-Gonzalez, 458 F.3d 851 (9th Cir. 2006).

**IV**

**WITNESSES**

The Government reserves the right to add, omit, substitute or change the order of witnesses. Presently, the Government intends to call the following witnesses during its case-in-chief:

1. Agent Angel Camarena, United States Border Patrol
2. Agent Pedro Murillo, United States Border Patrol
3. Agent Victor Vega, United States Border Patrol
4. Joseph Lopresti, United States Customs and Border Protection

**V**

**EXHIBIT LIST**

The Government will provide a final exhibit list on the morning of trial. Presently, the Government intends to offer into evidence the following:

Photographs/maps of apprehension area

Notice To Appear (Form I-862)

Immigration Judge's Order of Removal/Deportation

Confirmation record of Defendant's removal via commercial airline flight to Mexico

Record of sworn statement (Form I-215B) from December 17, 2007

Certificate of Non-Existence of Record

## VI

## OTHER LEGAL ISSUES

### A. A-FILE DOCUMENTS AND WITNESS

The United States intends to offer documents from the "A-File" maintained by the Department of Homeland Security and its predecessors that corresponds to Defendant's name in order to establish Defendant's alienage, prior deportation, and that he was subsequently found in the United States without having sought or obtained authorization from the Attorney General. The documents are self-authenticating "public records," or, alternatively, "business records." See Fed. R. Evid. 803(8)(B) and 803(6).

The Ninth Circuit has addressed the admissibility of A-File documents in United States v. Loyola-Dominguez, 125 F.3d 1315 (9th Cir. 1997). There, Loyola-Dominguez appealed his § 1326 conviction, arguing, among other issues, that the district court erred in admitting at trial certain records from the illegal immigrant's "A File." Id. at 1317. The district court had admitted: (1) a warrant of deportation; (2) a prior warrant for the defendant's arrest; (3) a prior deportation order; and (4) a prior warrant of deportation. Loyola-Dominguez argued that admission of the documents violated the rule against hearsay, and denied him his Sixth Amendment right to confront witnesses. The Ninth Circuit rejected his arguments, holding that the documents were properly admitted as public records. Id. at 1318. The court noted that documents from a defendant's immigration file, although "made by law enforcement agents, . . . reflect only 'ministerial, objective observation[s]' and do not implicate the concerns animating the law enforcement exception to the public records exception." Id. (quoting United States v. Hernandez-Rojas, 617 F.2d 533, 534-35 (9th Cir. 1980)). The court also held that such documents are self-authenticating and, therefore, do not require an independent foundation. Id.

While Loyola-Dominguez constitutes a fairly recent restatement of the rules governing public and business records, courts in this Circuit have consistently held that documents from a defendant's immigration file are admissible in a § 1326 prosecution to establish the defendant's alienage and prior deportation. See United States v. Mateo-Mendez, 215 F.3d 1039, 1042-45 (9th Cir. 2000) (confirming district court's decision to admit certificate of nonexistence); United States v. Contreras, 63 F.3d 852, 857-58 (9th Cir. 1995) (affirming admission of warrant of deportation, deportation order and deportation hearing transcript); United States v. Hernandez-Rojas, 617 F.2d 533, 535 (9th Cir. 1980) (holding that district court properly admitted warrant of deportation as public record); United States v. Dekermenjian, 508 F.2d 812, 814 n.1 (9th Cir. 1974) (finding that district court properly admitted "certain records and memoranda of the Immigration and Naturalization Service" as business records and noting that such documents would also be admissible as public records).

The United States intends to call United States Border Patrol Agent Victor Vega in its case in chief. Although Agent Vega will not give expert opinions based upon specialized knowledge, he will testify regarding documents contained in Defendant's A-File. See Fed. R. Evid. 701 (such testimony is "helpful to a clear understanding of the determination of a fact in issue"); United States v. VonWillie, 59 F.3d 922, 929 (9th Cir. 1995) (finding, with regard to testimony in a drug case, that "[t]hese observations are common enough and require such a limited amount of expertise, if any, that they can, indeed, be deemed lay witness opinion"); United States v. Loyola-Dominguez, 125 F.3d 1315, 1317 (9th Cir. 1997) (affirming testimony of agent who "served as the conduit through which the government introduced documents from INS' Alien Registry File"). Here, Agent Vega will testify regarding the purpose of the A-File, what documents are contained within the A-File, and will explain those documents. Agent Vega will also testify to results of database searches that he personally conducted to determine whether Defendant applied for or obtained authorization from the Attorney General of the United States to enter into the United States. Such testimony is proper in a Section 1326 case.

## VII

## PROPOSED VOIR DIRE

1. Of those of you who have sat on criminal juries, did any of those juries fail to reach a unanimous verdict? How did you feel about that experience?

2. Has anyone had an unpleasant experience with any law enforcement personnel?

3. Has anyone had any disputes with any agency of the United States Government?

4. Does anyone have relatives or close friends who have been investigated, arrested, accused or charged with a crime?

5. Does anyone have relatives or close friends who have been deported or removed?

6. Does anyone have strong feelings about the United States Border Patrol or any other federal agency involved in immigration issues?

7. Does anyone believe that immigration laws are too harsh?

8. Does anyone believe everyone should be allowed to enter the United States, that we should have open borders?

9. Does anyone believe that it should legal to enter the United States without authorization?

10. Does everyone understand that as a juror your duty is to apply the law regardless of whether you disagree with it?

11. Does everyone understand that the laws of the United States equally apply to everyone who enters the United States?

12. Does everyone understand that as a juror you are not to consider prejudice, pity or sympathy in deciding whether the Defendant is guilty or not guilty?

13. Does anyone think that, regardless of the strength of the evidence, they will have trouble deciding whether the Defendant is guilty or not guilty?

14. Does anyone think they cannot decide whether a person is guilty or not guilty?

15. Does anyone have religious or moral beliefs which will make it difficult for them to make a decision strictly based on the law and facts of this case?

VIII

**JURY INSTRUCTIONS**

The United States will submit proposed jury instructions under separate cover. The United States reserves the right to submit additional instructions at the Fed. R. Crim. P. 30 conference.

DATED: May 8, 2008.

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

/s/***Christina M. McCall***
CHRISTINA M. McCALL
Assistant United States Attorney
Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff, | ) | Criminal Case No. 08cr0014-WQH |
| v. | ) | CERTIFICATE OF SERVICE |
| JUAN BARRERA-BARRERA, Defendant. | ) | |

IT IS HEREBY CERTIFIED THAT:

I, Christina McCall, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of **TRIAL MEMORANDUM** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Christian De Olivas

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

None

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 8, 2008

/s/ ***Christina McCall***
CHRISTINA McCALL